

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2003

# Howard v. NJ Transit Rail

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2358

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Howard v. NJ Transit Rail" (2003). *2003 Decisions*. Paper 178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 02-2358
_____

JAMES HOWARD,

Appellant

v.

NEW JERSEY TRANSIT RAIL
OPERATIONS, INC.; RICHARD GAROTS

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 99-CV-02915)
District Judge: Honorable John W. Bissell
_____

Submitted Under Third Circuit LAR 34.1(a)
on June 17, 2003

Before: ALITO, ROTH, and HALL* , Circuit Judges

Opinion filed October 29, 2003

_____

*The Hon. Cynthia H. Hall, Circuit Judge for the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

ROTH, Circuit Judge;

James Howard brought suit in the United States District Court for the District of New Jersey against his employer, New Jersey Transit, Inc., and a co-employee, Richard Garots, under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51. Howard claimed that he was assaulted by Garots and two non-employees and that New Jersey Transit's negligence was a cause of the assault because it did not enforce its no-trespassing policy and other Transit employees did not warn Howard of the assault.

A jury trial was held and the jury found no negligence. Howard's motion for new trial was denied and Howard appealed.[1]

Howard claims on appeal that the verdict was against the weight of the evidence and for that reason it was error to deny his motion for a new trial. He also claims that the District Court erred in denying his request to charge the jury on *respondeat superior* and violent propensity.

Our review of the record convinces us that the verdict is sufficiently supported by the evidence. For that reason, the District Court acted within its discretion in denying the motion for new trial. See Williamson v. Consolidated Railroad Corp., 926 F.2d 1344, 1353 (3d Cir. 1991).

As for the jury charge, the District Court instructed the jury, pursuant to the FELA,

---

[1]The District Court had entered a default judgment against Garots to resolve all claims.

that the employer was directly liable for the negligence of its employees and that the employer had a duty to protect its employees against reasonably foreseeable intentional or criminal conduct. The denial of the *respondeat superior* and violent propensity charges did not, therefore, materially prejudice Howard. The direct negligence charge is in fact an easier standard than *respondeat superior* for the plaintiff to meet. See <u>Brooks v. Washington Terminal Co.</u>, 593 F.2d 1285, 1288 (D.C. Cir. 1979). We note, moreover, that Howard did not raise the denial of the violent propensity charge in his motion for a new trial and for that reason we will not consider it on this appeal. See <u>Appalachian States Low-Level Radio Waste Commission</u>, 126 F.3d 193, 196 (3d Cir. 1997).

For the above reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

   /s/ JANE R. ROTH
Circuit Judge

3